### Commonwealth v. Pressel

*Harold N. Fitzkee, Jr.*, District Attorney, and *Joseph E. Erb*, Assistant District Attorney, for Commonwealth.

*Harry L. McNeal, Jr.*, for defendant.

ATKINS, P. J., May 9, 1972.—A motion to suppress evidence was filed in the above cases. The first alleges an unlawful search and seizure with respect to a small firearm found on the person of defendant, and the other related to certain cartridge cases found in a garbage can at the rear of, and outside of, the third-floor apartment occupied by defendant and a female companion.

Testimony was taken on the motion and the following factual situation appears. Damage had been inflicted on a property across the street from the apartment occupied by defendant. This damage was caused by the discharge of a firearm from which the bullets entered the premises across the street, causing the damage. The police, suspecting that the shots may have come across from the apartment occupied by defendant, went to the premises which they found occupied by a young woman who stated that she and defendant occupied the premises.

Defendant, however, was not present. The young woman granted permission to search the apartment. This search disclosed nothing. As the officers were leaving the apartment, they observed a garbage can outside the apartment which they did search, and therein found some .22 caliber cartridge cases. With regard to this search, we are satisfied that the motion to suppress be sustained. It was made without a search warrant. There was no arrest to which it could be an incident, and even if it be held that the consent of the

young woman to search was proper, the evidence does not show that her consent overextended to anything outside of the apartment itself. It is highly doubtful that her consent would be sufficient under any circumstances.

While the officers were in the apartment, they inquired about the whereabouts of defendant and were told by her that he had taken a gun and gone drinking. They went to a taproom where they found defendant there, and a search of his person disclosed the firearm in question. Defendant contends that the officers had no proper cause to make this search; however, we conclude differently.

The argument is advanced that even though the young woman told the officers defendant had the gun with him, she did not sufficiently describe the weapon to bring it within the classification of those weapons prohibited by the Uniform Firearms Act of June 24, 1939, P. L. 872, as amended. They did know it was a .22 caliber revolver. They also knew that it would be very difficult, if not impossible, to conceal on his person a weapon that would not be prohibited by the act. The facts which constitute cause to justify a search need not be sufficient to convict. We have no hesitancy to say that the facts proposed by the officers at the time given to them that defendant was, in fact, carrying on his person a weapon prohibited by the Uniform Firearms Act.

Accordingly, we enter this

## ORDER

And now, to wit, May 9, 1972, it is ordered, adjudged and decreed that the motion to suppress the evidence obtained as a result of the searches made by the officers be and is hereby dismissed insofar as it pertains to the weapon found on the person of defendant, and

is sustained as to the cartridge cases found in the garbage cans located outside of the apartment.

An exception is granted to both the Commonwealth and defendant.